SUPPRESSED

FILED
OCT 2 7 2011
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| JAMES FRANCE, | ) 4:11CR00451JAS |
| | ) |
| Defendant. | ) |

## INDICTMENT

### COUNT ONE - WIRE FRAUD

The Grand Jury charges that:

1. At all times relevant to this Indictment, Defendant James France (referred to herein as "Defendant" or "France") held himself out as being in the business of obtaining or providing financing services to clients seeking money to fund commercial projects. At times, Defendant led others to believe that his company was a direct lender. At times, Defendant led others to believe that his company could arrange financing through third-party lenders.

2. At all times relevant to this Indictment, France operated his business under various names, including but not limited to AmBanc, Commercial Capital Banc ("CCB"), and U.S. Underwriting ("USU").

3. For a time, Defendant operated his business from an office located at 118 Centre On The Lake, Lake St. Louis, Missouri, within the Eastern District of Missouri. For a time, Defendant operated his business from an office located at 400 Lake St. Louis Boulevard, Lake St. Louis, Missouri, within the Eastern District of Missouri.

4. At all times relevant to this Indictment, France maintained a bank account for his

commercial lending business at Community Trust Bank in the state of Kentucky.

5. From in or before 2005 and continuing until some time in 2010, within the Eastern District of Missouri and elsewhere,

**JAMES FRANCE,**

the Defendant herein, devised and intended to devise a scheme and artifice to defraud and to obtain money and property from other persons by means of material false and fraudulent pretenses, representations, and promises in that Defendant induced clients to pay him substantial monetary fees by falsely representing that he had the ability to provide or to obtain financing for their commercial projects.

6. In furtherance of the scheme and artifice to defraud, Defendant made numerous false representations about himself to make himself appear to be a successful businessman. For example, Defendant represented that he owned or was involved in coal mining businesses, that he once owned a bank, and that he was a direct lender.

7. In furtherance of the scheme and artifice to defraud, Defendant falsely represented or caused to be represented to clients that he had access to and/or was in control of substantial sources of funding for commercial projects.

8. In furtherance of the scheme and artifice to defraud, Defendant persuaded clients to pay him an advance fee, or deposit, in order to secure his services. Defendant falsely represented or caused to be represented to clients that the advance fee or deposit would be used to cover the expenses of securing funding for the clients' project, when in fact, as Defendant well knew, Defendant intended to use the clients' money for other purposes unrelated to the clients'

project.

9. In furtherance of the scheme and artifice to defraud, Defendant falsely represented or caused to be represented to clients that he would refund some or all of their advance fee or deposit if he was unable to secure funding for their project, when in fact as Defendant well knew, Defendant never intended to refund clients' money.

10. In furtherance of the scheme and artifice to defraud, Defendant caused various documents to be prepared and sent to clients from Defendant's business office in Lake St. Louis, Missouri, including but not limited to a "Letter of Interest" and "Terms and Conditions."

11. In furtherance of the scheme and artifice to defraud, Defendant directed and caused clients to pay the advance fee or deposit by wire transfer into a bank account at Community Trust Bank in Kentucky. Defendant caused wiring instructions to be sent via electronic mail ("e-mail") to clients from Defendant's business office in Lake St. Louis, Missouri.

12. Instead of using clients' funds to obtain financing for their commercial projects, Defendant used their funds for other purposes such as personal expenses, paying himself a salary, and monetary transfers to others. Defendant's fraudulent scheme caused substantial financial losses to clients.

### USM Systems, Ltd. and D & S Contractor's, Inc.

13. At all times relevant to this Indictment, USM Systems, Ltd. ("USM") and D & S Contractor's, Inc. ("DSC") were Michigan based companies and were working together on various projects in which they were seeking financing.

14. In or around November 2009, France represented and caused representations to be made to the principals of USM and DSC that France could provide and secure funding for their projects, when in fact, as France well knew, he had no intention of providing or securing funding for their projects.

15. France caused a Letter of Interest to be sent to USM which stated in part:

> Based on available current information provided by client or agent and contingent upon any additional acceptable discovery and due diligence, US Underwriting will offer participation or funding for your requested transaction amount ($5,000,000.00 minimum with first right of refusal on all participation going forward) **(USM Systems)**.

16. France required an initial deposit from USM in the amount of $12,500.00 for his services in obtaining funding and later required a second deposit in the amount of $7,500.00. France directed that the deposits be made by wire transfer to USU's bank account in Kentucky.

17. On or about December 15, 2009, in the Eastern District of Missouri and elsewhere,

### JAMES FRANCE,

Defendant herein, for the purpose of executing the above-described scheme and artifice to defraud, did knowingly cause to be transmitted by means of wire communication in and affecting interstate commerce, certain writings, signs, signals, pictures, and sounds, namely a document entitled "Terms and Conditions for: USM Systems," which was sent via facsimile from the office of U.S. Underwriting in Missouri to the office of D & S Contractor's, Inc. in Michigan.

In violation of Title 18, United States Code, Sections 1343 and 2.

4

## COUNT TWO - WIRE FRAUD

The Grand Jury further charges that:

1. The allegations contained in paragraphs 1 through 12 of Count One of this Indictment are restated and incorporated herein.

### Toltec Energy

2. At all times relevant to this Indictment, Toltec Energy ("Toltec") was a Colorado based company seeking financing for a wind farm project.

3. In or around October 2009, France represented and caused representations to be made to the President of Toltec that France could provide and secure funding for Toltec's wind farm project, when in fact, as France well knew, he had no intention of providing or securing funding for the project.

4. On or about October 21, 2009, France caused a document entitled "Terms and Conditions for: Green Projects Wind Farm" to be sent to Toltec purporting to set forth the terms upon which funding would be provided.

5. France required an initial payment from Toltec in the amount of $3,700.00 which was supposed to be for "an initial site or location visit." France directed that the payment be made by wire transfer to USU's bank account in Kentucky.

6. On or about October 21, 2009, in the Eastern District of Missouri and elsewhere,

**JAMES FRANCE,**

Defendant herein, for the purpose of executing the above-described scheme and artifice to defraud, did knowingly cause to be transmitted by means of wire communication in and affecting

5

interstate commerce, certain writings, signs, signals, pictures, and sounds, namely an e-mail from P.G. in Missouri to the President of Toltec in Colorado providing instructions for the wiring of funds.

In violation of Title 18, United States Code, Sections 1343 and 2.

### COUNT THREE - WIRE FRAUD

The Grand Jury further charges that:

1. The allegations contained in paragraphs 1 through 12 of Count One of this Indictment are restated and incorporated herein.

### Worldwide Plastic2Fuel Corp.

2. At all times relevant to this Indictment, Worldwide Plastic2Fuel Corp. ("Worldwide") was a Canadian company seeking financing for a technological project involving renewable plastics.

3. In or around January 2010, France represented and caused representations to be made to Worldwide that France could provide and secure funding for Worldwide's renewable plastics project, when in fact, as France well knew, he had no intention of providing or securing funding for the project.

4. On or about January 6, 2010, France caused a document entitled "Letter of Interest" to be sent to Worldwide which stated in part:

> Based on available current information provided by client or agent and contingent upon any additional acceptable discovery and due diligence, US Underwriting will offer participation or funding for your requested transaction. **(Plastic2Fuel)**.

5. France required an initial payment from Worldwide in the amount of $3,700.00 to

cover initial expenses. France directed that the payment be made by wire transfer to USU's bank account in Kentucky.

6.  On or about January 8, 2010, in the Eastern District of Missouri and elsewhere,

**JAMES FRANCE,**

Defendant herein, for the purpose of executing the above-described scheme and artifice to defraud, did knowingly cause to be transmitted by means of wire communication in and affecting interstate commerce, certain writings, signs, signals, pictures, and sounds, namely an e-mail from P.G. in Missouri to the representative of Worldwide Plastic2Fuel Corp. in Canada providing instructions for the wiring of funds.

In violation of Title 18, United States Code, Sections 1343 and 2.

A TRUE BILL.

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney


_____
REGINALD L. HARRIS, #48939
Assistant United States Attorney

7